UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OMEGA T. PERRY

VERSUS

STRATEGIC REALTY CAPITAL, LLC, ET AL.

CIVIL ACTION

NO. 17-1799-JWD-EWD

**RULING ON EX PARTE MOTION TO STRIKE OR RESCIND SERVICE**

Before the court is an Ex Parte Motion to Strike or Rescind Service (the "Motion to Strike") filed by defendants, Latter & Blum Property Management, Inc. and Strategic Realty Capital, LLC (collectively, "Defendants").[1] Per the Motion to Strike, Defendants seek to strike or rescind a Process Receipt and Return directed to "Essie Uman (leasing agent), Latter & Blum Property Management, 5557 Canal Blvd., New Orleans, LA 70121-7028" (the "Service Return").[2]

**I.      Background**

On December 28, 2017, this court granted Plaintiff's request to proceed *in forma pauperis* and ordered that the "U.S. Marshal Service shall serve the summons and complaint on the defendant(s) wherever found. Plaintiff(s) will be required to provide to the United States Marshal a complete U.S. Marshal Form 285 for each defendant to be served."[3] Based on the Service Return, a Summons directed to Ms. Uman was personally served on Joseph S. Pappalardo on February 8, 2018.[4] The Service Return was filed into the record on February 23, 2018.[5]

Defendants contend that this Service Return should be stricken or rescinded because Pappalardo "has no authority to accept service for Essie Uman."[6] Defendants explain that

---

[1] R. Doc. 20.
[2] R. Doc. 15.
[3] R. Doc. 3.
[4] R. Doc. 15.
[5] R. Doc. 15.
[6] R. Doc. 20, p. 1.

1

"[a]though Essie Uman was an employee of Latter & Blum Property Management, Inc., she is not employed there now and was not employed there when the service was made…. Pappalardo has never been provided by Essie Uman with any authority to accept service for her and in his capacity as President of her former employer he is not legally authorized to accept service or be served on her behalf. Quite simply it was just a mistake that Pappalardo was served."[7] Defendants point out that Ms. Uman "has a right to file whatever pleadings she personally deems in her best interest in this lawsuit" and state that neither Defendant "will file a responsive pleading or make any filings on her behalf…."[8] Defendants clarify that while a "direct challenge" to service should be reserved to Ms. Uman, they may bring a "collateral challenge" to the Service Return "so as not to prejudice any rights of Essie Uman."[9]

## II. Law and Analysis

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by doing any of the following: (1) delivering a copy of the summons and of the complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service. Alternatively, service may be effected pursuant to the laws of Louisiana. FRCP 4(e)(1). Pursuant to Louisiana law, "[s]ervice of citation or other process may be either personal or domiciliary…." La. C.C.P. art. 1231. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." La. C.C.P. art. 1232. Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served

---

[7] R. Doc. 20-1, pp. 1-2. *See also*, R. Doc. 20-3, Affidavit of Joseph S. Pappalardo, ¶ 4 ("Affiant has no authority to be served on behalf of Essie Uman and has never been instructed by Essie Uman to have service accepted for her.").
[8] R. Doc. 20-1, p. 2.
[9] R. Doc. 20-1, p. 2.

with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234.

There is nothing in the record to indicate that Ms. Uman was served via personal or domiciliary service. Per the Service Return, the president of Latter & Blum accepted service on Ms. Uman's behalf. However, Mr. Pappalardo has stated in his affidavit that he was not authorized to do so and that at the time of the purported service, Ms. Uman was not an employee of Latter & Blum. In light of Mr. Pappalardo's affidavit, in which he states that he was not authorized to accept service on behalf of Ms. Uman, it does not appear that the Service Return satisfies F.R.C.P. 4(e)(2)(C). *See*, *Robertson v. City of Thibodaux*, Civil Action No. 15-1951, 2015 WL 7734095, at * 1 (E.D. La. Nov. 30, 2015) (granting motion to dismiss for insufficient service of process where "the summons and complaint were not delivered to [defendant] personally, nor left at his dwelling or usual place of abode, and because there was no evidence that [the individual who accepted service] is [defendant's] authorized agent…").

The undersigned agrees that Ms. Uman's interests are best protected by ensuring she is properly served with Plaintiff's suit and given an opportunity to file whatever pleadings she deems appropriate. Further, ensuring proper service also protects Plaintiff's ultimate interests in this suit because proper service or waiver of service by Ms. Uman is necessary before this court can proceed with Plaintiff's claims against Ms. Uman. *See*, *Washington v. Louisiana*, Civil Action No. 11-334, 2013 WL 5350663, at * 1 (M.D. La. Sept. 23, 2013) ("Proper service of process is a mandatory prerequisite to file a suit in federal court. Rule 4(c)(1). However, an individual, corporation, or association that is subject to service may waive service of summons. Rule 4(d)(1). In absence of proper service of process, or waiver of service by the defendant, this court is without jurisdiction over the defendant and cannot proceed."). Accordingly, the undersigned finds that the Service

Return for Ms. Uman filed on February 23, 2018 should be RESCINDED and STRICKEN from the record. *See*, *Wells v. American Polygraph Assoc.*, No. CV-13-607, 2013 WL 4478932, at * 1 (D. Ariz. Aug. 21, 2013) (granting motion to strike filed proof of service where proof of service indicated that summons was served on attorney whom defendant had not authorized to accept service); *Folk v. Prime Care Medical*, Civil No. 3:CV-13-474, 2018 WL 571938, at * 1 (M.D. Pa. Jan. 26, 2018) ("There is no dispute that Dr. Legel was never a PrimeCare Medical employee and that Ulerick was not authorized to accept service on Legel's behalf. Since the alleged failure to properly serve Doctor Legel was in part due to the Plaintiff's improper identification of said Defendant as being an employee of PrimeCare the motion to strike will be granted.").

### III. Conclusion

For the reasons set forth herein, the Ex Parte Motion to Strike or Rescind Service[10] is **GRANTED**.

**IT IS HEREBY ORDERED** that the Process Receipt and Return directed to "Essie Uman (Leasing Agent), Latter & Blum Property Management, 5557 Canal Blvd., New Orleans, LA 70121-7028" (R. Doc. 15) be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall provide to the United States Marshal a completed U.S. Marshal Form 285 (attached) with the correct address for Ms. Uman.

**IT IS FURTHER ORDERED** that the U.S. Marshal Service shall serve the summons and complaint on Ms. Uman wherever found.

Signed in Baton Rouge, Louisiana, on March 20, 2018.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 20.