# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

OMEGA T. PERRY

VERSUS

STRATEGIC REALTY CAPITAL, LLC,
ET AL.

CIVIL ACTION

NO. 17-1799-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the *Motion for Summary Judgment* (Doc. 21) filed by Defendants Latter & Blum Property Management, Inc. ("Latter & Blum") and Strategic Realty Capital, LLC ("Strategic Realty") (collectively, "Defendants"). *Pro se* Plaintiff Omega T. Perry opposes the motion. (Doc. 35.) Defendants have filed a reply. (Doc. 38.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and the submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

I.  Relevant Factual Background and Parties' Arguments

A. Plaintiff's Complaint

*Pro se* Plaintiff filed a complaint alleging a violation of the Fair Housing Act. (Doc. 1.) Plaintiff alleges one act of wrongdoing, which allegedly occurred on December 23, 2015. Specifically, Plaintiff claims: "On 12/23/2015 complainant spoke to leasing agent requesting to view a 3-bedroom apartment. Request was denied. Caucasian male viewed 3-bedroom apartments within muniets (sic) of dening (sic) Omega Perry." (Doc. 1 at 4.) Plaintiff seeks $25,000,000.00 in damages. (Doc. 1 at 4.)

Plaintiff attaches to his complaint a "Housing Discrimination Complaint" alleging discrimination on the basis of race. (Doc. 1 at 3.) Plaintiff provides the following summary of facts:

> Complainant is African American and therefore a member of a protected group. Complainant lives at [XXXX] Flora Lane, Baton Rouge, LA 70810. The apartment in question is Place Du Plantier, [XXX] Lee Drive, Baton Rouge, LA 70808. The property is owned by Strategic Realty Capital and the property management is Latter & Blum Property Management. The Leasing Agent is Essie Uman. Collectively, they are the respondents in this matter. The Manager, Brittany (LNU) and Assistant Manager, Amber (LNU) were not involved.
>
> On December 23, 2015, Complainant spoke to Essie Uman, Leasing Agent, requesting to view a 3-bedroom apartment. The leasing agent informed Complainant the golf cart was not operational and it was too far for her to walk. Complainant offered his own vehicle for use and was denied. Complaint was allowed to view a 2-berdr.oom and a 1bedroom apartment. As complainant was completing an application, a Caucasian male was informed of two 3-bedroom apartments available for viewing. The Leasing Agent barrowed a co-worker's vehicle to show the apartments. Based On the forgoing, complainant believes he was discriminated against in violation of the Act.

(sic throughout) (Doc. 1 at 4.) The complaint further states:

> 9. The most recent date on which the alleged discrimination occurred:
>
> December 23, 2015, and is continuing.

(Doc. 1 at 4.)

### B. Relevant Summary Judgment Evidence

According to Latter and Blum's President, Plaintiff "was hired by Latter & Blum and paid $75.00 to conduct testing activity at Village De Jardin Apartments, specifically to determine if housing rules and laws were being follows (sic) by the property managers at that location." (Affidavit of Joseph S. Pappalardo, Sr., ¶ 2, Doc. 21-3.) Plaintiff's "investigation took place at the site on December 23, 2015." (Pappalardo Affidavit ¶ 3, Doc. 21-3.)

2

Plaintiff's only pieces of evidence are two emails. One reflects that Plaintiff registered for a drug screen on October 3, 2016. (Doc. 35-1 at 1.) Someone from Latter & Blum named Kerri Primeaux is carbon copied on the email. (Doc. 35-1 at 1.) A second email from Primeaux to Plaintiff is dated a few days later and states in relevant part: "HR has notified me that unfortunately we will not be able to offer you employment at this time. Our offer of employment was contingent upon passing all pre-employment screenings, and you did not. Thank you for your time and consideration in this matter." (Doc. 35-1 at 3.)

In any event, in or around January 12, 2017, Plaintiff filed a housing complaint with HUD. (Doc. 21-4.) This complaint is virtually identical to the "Housing Discrimination Complaint" attached to Plaintiff's complaint, except that this document contains a signed statement, dated January 12, 2017, that the "Housing Discrimination Complaint" is true under penalty of perjury. (Doc. 21-4 at 4.) Again, this complaint alleges that the most recent date of discrimination was December 23, 2015, and the only allegedly wrongful act in this complaint occurred on that date. (Doc. 21-4 at 4.) Despite Plaintiff's statement that the violation is "continuing," no other housing violations are alleged in the housing complaint that occurred after December 23, 2015. (*See* Doc. 21-4 at 4.)

On May 24, 2017, the Louisiana Department of Justice issued a letter finding that "there [was] no reasonable cause to believe that a discriminatory housing practice ha[d] occurred." (Doc. 21-5 at 1.) The HUD complaint was thus dismissed. (*See* Doc. 21-5 at 1–2.)

Again, Plaintiff's complaint was filed on December 27, 2017. (Doc. 1.)

### C. Parties' Arguments

#### 1. Defendants' Original Memorandum (Doc. 21)

Defendants argue there are two relevant statute of limitations. First, the FHA requires an administrative complaint no later than one year after the alleged discriminatory housing practice occurred. Louisiana has a similar standard. Thus, the administrative complaint was untimely.

Second, FHA claims brought in federal court have a two-year statute of limitations. This period does not include the time in which the administrative complaint is pending, but that is only if the underlying administrative complaint was timely filed. If the administrative complaint is not timely filed, there is no tolling. Here, the HUD complaint was not timely filed. Consequently, Plaintiff's complaint was filed more than two years after the alleged unlawful act, was thus untimely, and so should be dismissed with prejudice.

#### 2. Plaintiff's Opposition (Doc. 35)

Plaintiff responds that, with respect to the first period, the discriminatory actions took place on October 3 and 7, 2016, when he was not offered employment with Latter and Blum. Plaintiff claims other discriminatory acts, such as "black balling, black listing, and racial discrimination." (Doc. 35 at 1.) As to the second date, Plaintiff argues that the HUD complaint was filed December 19, 2016, within the one-year statute of limitations. Further, Defendants' actions are ongoing. Plaintiff claims that the federal court and clerk's office were closed from December 23–26, 2017 for the "Christmas Holiday," so Plaintiff filed the complaint on the next business day, December 27, 2017. Plaintiff prays for relief in the amount of $2.4 million.

#### 3. Defendants' Reply (Doc. 38)

Defendants reply that the issues raised by Plaintiff (i.e., the Defendants' alleged practice of "black balling, black listing, and racial discrimination," of Defendants' offer of employment,

and Defendants' leasing of properties) are irrelevant to the instant motion.  Additionally, there is only one date of an alleged violation, and that was December 23, 2015.  Plaintiff offers no evidence that he filed on or before December 19, 2015, other than self-serving statements in briefing. The HUD complaint sent to Defendants contains a date of January 12, 2017, well after Plaintiff's alleged date.  Further, December 26, 2017, was not a legal holiday.  Moreover, Plaintiff is wrong that the conduct was "ongoing," as Plaintiff provides no subsequent acts of discriminatory conduct and provides no factual allegations.  Thus, while the damages may be ongoing, the conduct was not.  Defendants analogize to the continuing tort doctrine.

## II. Relevant Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted). Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor

> of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. Discussion

Preliminarily, the Court agrees with Defendants on a few points. Contrary to most of Plaintiff's brief, the sole act of discrimination alleged by Plaintiff is the one that occurred on December 23, 2015. The other acts raised by Plaintiff in his opposition are not part of Plaintiff's complaint and will not be considered in the instant motion—or at later stages of these proceedings. If Plaintiff wishes to add these claims, he must file a motion asking for leave to do so. This motion will be referred to the Magistrate Judge for consideration. But, for present purposes, the alleged December 23, 2015, act of discrimination is the only one before the Court.

Second, Plaintiff submits no summary judgment evidence to oppose and dispute the relevant evidence provided by Defendants. Plaintiff's sole exhibit relates to his alleged employment with Latter & Blum, but this issue of fact is not material to whether Plaintiff's claim is barred by the statute of limitations. Further, Plaintiff's blanket assertion that his HUD complaint was filed "by or before December 19, 2016" is also unsupported by the evidence, and in fact contradicts his own signed and dated HUD complaint. (Doc. 21-4 at 4.) Plaintiff's invitation for this Court to obtain such evidence from "HUD records or by contacting Rose W. Hampton a Compliance Officer Protection Division at the Attorney General's Office" is also insufficient to preclude summary judgment.

Nevertheless, Defendants must still be entitled to summary judgment based on the facts in evidence. Phrased another way, "so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict

in that party's favor, the court must deny the motion." *International Shortstop, Inc.*, 939 F.2d at 1263.

Under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, an aggrieved person may file an administrative complaint "not later than one year after an alleged discriminatory housing practice has occurred or terminated[.]" 42 U.S.C. § 3610(a)(1)(A). Additionally, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice[.]" 42 U.S.C. § 3613(a)(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." *Id.* § 3613(a)(1)(B).

Defendants cite two cases for the proposition that, if the administrative complaint is not timely filed, then the Plaintiff is not entitled to the tolling period described in § 3613(a)(1)(B). *See Fair Hous. Council of Or. v. Cross Water Dev., LLC*, No. 08-5755, 2009 WL 799685, at *2 (W.D. Wash. Mar. 24, 2009) ("There being no timely filed administrative complaint with HUD, there is no basis for application of the statutory tolling provision" (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256–57 (5th Cir. 1993)); *Virgillo v. Reid Realty, Inc.,* No. 06-5615, 2007 WL 4287310, at *2 n. 1 (W.D. Wash. Dec. 4, 2007), *aff'd*, 328 F. App'x 566 (9th Cir. 2009) ("This tolling provision [of § 3613(a)(1)(B)] is inapplicable to Plaintiff as she did not perfect her administrative proceeding within the one-year statute of limitations applicable to the administrative complaint process." (citation omitted)). Defendants contend that, because the alleged improper conduct occurred on December 23, 2015, and because the HUD complaint was filed on January 12, 2017, Plaintiff is not entitled to § 3613(a)(1)(B)'s tolling.

7

Even assuming Plaintiff is not entitled to § 3613(a)(1)(B)'s tolling, Plaintiff's claim is time-barred only if his filing suit on December 27, 2017, was outside the two-year statute of limitations for a December 23, 2015, discriminatory act.  To resolve this issue, the Court must look to Federal Rule of Civil Procedure 6.

Rule 6 states in relevant part:

(a) **Computing Time**. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

>(1) *Period Stated in Days or a Longer Unit*. When the period is stated in days or a longer unit of time:

>>(A) exclude the day of the event that triggers the period;

>>(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

>>(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).

Thus, under Rule 6(a)(1)(C), Plaintiff was not required to file his Complaint on December 23–25, 2017.  December 23, 2017 was a Saturday.  December 24, 2017, was a Sunday.  December 25, 2017, was Christmas Day, a "legal holiday" under Fed. R. Civ. P. (a)(6)(A).

Similarly, and importantly, the Court takes judicial notice of the fact that the Middle District of Louisiana Clerk's Office was closed on December 26, 2017, in observance of the Christmas holidays.  Fed. R. Evid. 201(b).  This is true despite the fact that  December 26, 2017,

is not a "legal holiday," as that phrase is defined by Rule 6.[1]  The critical question then becomes whether Plaintiff was required to file his complaint on December 26, 2017, or whether he could wait until December 27, 2017.

The Court finds that Plaintiff was not required to file suit on December 26, 2017, because of Rule 6(a)(3).  This section provides:

> (3) *Inaccessibility of the Clerk's Office*. Unless the court orders otherwise, if the clerk's office is inaccessible:
>
>> (A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday;

Fed. R. Civ. P. 6(a)(3).  The Advisory Committee notes explain:

> Rule 6(a) [was] amended to acknowledge that weather conditions or other events may render the clerk's office inaccessible one or more days.  Parties who are obliged to file something with the court during that period should not be penalized if they cannot do so.

Fed. R. Civ. P. 6, Advisory Committee Notes to 1985 Amendments.  A later Advisory Committee Note also states:

> The text of the rule no longer refers to "weather or other conditions" as the reason for the inaccessibility of the clerk's office. The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system. Weather can still be a reason for inaccessibility of the clerk's office. The rule does not attempt to define inaccessibility. Rather, the concept will continue to develop through caselaw, *see,*

---

[1] Rule 6(a)(6) provides:

> (6) *"Legal Holiday" Defined*. "Legal holiday" means:
>
>> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
>> (B) any day declared a holiday by the President or Congress; and
>> (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.

Fed. R. Civ. P. 6(a)(6).

9

> *e.g.*, William G. Phelps, *When Is Office of Clerk of Court Inaccessible Due to Weather or Other Conditions for Purpose of Computing Time Period for Filing Papers under Rule 6(a) of Federal Rules of Civil Procedure*, 135 A.L.R. Fed. 259 (1996) (collecting cases).

Fed. R. Civ. P. 6, Advisory Committee Notes to 2009 Amendment.

Two of the cases cited by the Advisory Committee Note's A.L.R. article have recognized that Clerk's Offices were inaccessible for purposes of Rule 6(a) when they were closed for a courthouse holiday. *See Epperly v. Lehmann Co.*, 161 F.R.D. 72, 76 (S.D. Ind. 1994) (finding that, when last day of period fell on the day following Thanksgiving, a "day on which the clerk's office was closed by order of the Court, the last day of the period fell" on the following Monday); *cf. United States v. Certain Real Prop. in Waterboro*, 812 F. Supp. 259, 260 (D. Me. 1991) (noting, "The Court has excluded December 31, 1991, as though it were a holiday because the Court was closed for business that day. The Government, therefore, had the benefit of an extra day not contemplated by Fed. R. Civ. P. 6(a) in which to file[,]" as December 31 fell in the middle of the Government's response deadline rather than the end).

Based on all of this authority, the Court finds that Plaintiff was not required to file his complaint on December 26, 2017, because the Clerk's Office was closed for a courthouse holiday. Consequently, Plaintiff had until December 27, 2017, to file his complaint timely. Because Plaintiff did so, Defendants' motion for summary judgment will be denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 21) filed by Defendants Latter & Blum Property Management, Inc. and Strategic Realty Capital, LLC is **DENIED.**

Signed in Baton Rouge, Louisiana, on January 30, 2019.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**